# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

GREENFLIGHT VENTURE          **No. 26-10369**
CORPORATION, et al.,

Plaintiffs-Appellants,

v.

GOOGLE LLC,

Defendant-Appellee.

## APPELLANTS' EMERGENCY MOTION TO DEEM THEIR MARCH 5, 2026 FIRST MOTION FOR A 45-DAY EXTENSION OF TIME TIMELY FILED NUNC PRO TUNC, OR, IN THE ALTERNATIVE, TO GRANT A 45-DAY EXTENSION OF TIME AND EXTEND RELATED BRIEFING DEADLINES

1. Appellants Greenflight Venture Corporation, et al. ("Appellants") respectfully move for emergency relief and expressly reference the prior motion that counsel intended to file on March 5, 2026.

2. On March 5, 2026, counsel intended to file Appellants' First Motion for a 45-Day Extension of Time to File Their Opening Brief and Appendix and to Extend Related Briefing Deadlines. The attached document is the same motion counsel intended to file on March 5, 2026, and a true and correct copy of that motion is attached as Exhibit A.

1

3. Counsel believed that the March 5, 2026 motion had in fact been filed on that date. It later became clear that the Court did not receive or docket that filing. Upon learning that the intended March 5 filing was not reflected on the docket, counsel acted promptly to prepare and file this emergency motion.

4. Appellants therefore request that the Court deem the March 5, 2026 motion timely filed nunc pro tunc as of March 5, 2026, and grant the 45-day extension requested in that motion. In the alternative, Appellants request that the Court grant this motion and extend the deadline for Appellants' opening brief and appendix by 45 days from the current due date, or, if that due date has already passed, by 45 days from the date of the Court's order, with all related briefing deadlines adjusted accordingly.

5. This is, in substance, Appellants' first request for an extension of time. The present situation was not caused by intentional disregard of the Court's rules, but by counsel's good-faith belief that the intended March 5 filing had already been made.

6. Good cause exists for the requested relief. The extension sought is limited, is requested in good faith, and is necessary to permit orderly preparation of Appellants' opening brief and appendix. Appellants should not lose the benefit of their first extension request because the attached motion that counsel intended to file on March 5, 2026 was not received by the Court.

7. Emergency consideration is warranted because, absent prompt relief, Appellants face imminent default and possible dismissal for failure to prosecute. The emergency is not self-created; it arises only because counsel later learned that the intended March 5 filing apparently never reached the Court.

8. The emergency factors support relief. Appellants are likely to obtain the requested procedural relief because this was their first extension request in substance and counsel acted promptly after discovering the filing problem. Appellants will suffer irreparable harm absent prompt relief because they risk losing the opportunity to file their opening brief and appendix and risking dismissal of the appeal. Any harm to Appellee from a 45-day extension is minimal. The public interest favors resolution of appeals on the merits rather than by a technical filing failure

**WHEREFORE, Appellants respectfully request that the Court:**

   a. Deem Appellants' March 5, 2026 first motion for a 45-day extension of time timely filed nunc pro tunc as of March 5, 2026, and grant that motion;

   b. or, in the alternative, grant this motion and extend the deadline for Appellants' opening brief and appendix by 45 days from the current due date or, if that due date has passed, by 45 days from the date of the Court's order;

   c. adjust all related briefing deadlines accordingly; and

   d. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Appellant
By their Attorney:

Date:03/16/2026

/s/ Keith Mathews
Keith Mathews, Esquire
NH  Bar No. 20997
Law Offices of Keith Mathews
1000 Elm Street, Suite 800
Manchester, NH 03102
Ph. 603-622-8100
keith@kmathewslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date that a copy of the foregoing provided to all interested parties through e filing.

/s/ Keith Mathews
Keith A. Mathews, Esq.

4