**No. 26-10369**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

GREENFLIGHT VENTURE CORPORATION AND JEFFREY D.

ISAACS,

*Plaintiffs-Appellants,*

v.

GOOGLE LLC,

*Defendant-Appellee.*

No. 9:24-cv-80395-RLR

---

**RESPONSE TO MOTION(S) FOR EXTENSION OF TIME AND
REQUEST TO GRANT, AS UNOPPOSED, SUMMARY AFFIRMANCE**

---

Kenneth C. Smurzynski
Mikaela E. Johnson
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000

Edward M. Mullins
Sujey S. Herrera
Reed Smith LLP
200 South Biscayne Boulevard,
Suite 2600
Miami, Florida, 33131
(786) 747-0200

In both this Court and the court below, Appellants Greenflight Venture Corporation and Jeffrey Isaacs have shown their contempt for the Court's rules, which has caused unnecessary work for the courts and costs for Appellee Google LLC.

Appellants' "Emergency Motion for Extension of Time," Dkts. 17 & 19,[1] follow on their failure to timely file a Civil Appeal Statement, Dkt. 9, failure to timely file a Certificate of Interested Persons, Dkt. 8, and failure to timely respond to Google's Motion for Summary Affirmance, Dkt. 14. Appellants' Emergency Motion(s) adds a violation of 11th Cir R. 26-1 for Appellants' failure to consult with opposing counsel before filing. All this is a continuation of Appellants' conduct below, where they were found by the district court to have violated the local rules in their responses to motions, filed briefs with hallucinated content, and otherwise pursued a case that was clearly wrong as a matter of law. *See* Dkt 14.

The proffered basis for the "Emergency" Motion(s) does not withstand scrutiny. First, the underlying motion attached as an exhibit

---

[1] Dkt. 19 is identical to Dkt. 17, aside from adding a signature block for pro se Appellant Isaacs.

that Appellants represent they "intended to file" on March 5, 2026, states as its ***only*** ground for relief: "undersigned counsel's unforeseeable delay in getting accepted to the court." Dkt. 17-2; 19-2. But that is a process that takes hours—not weeks. Notably absent from the underlying motion is any representation as to the time period between when Appellants' counsel submitted an application for admission that complied with the rules and when it was accepted.

The Emergency Motion(s) filed on March 16, 2026 (and again March 17, 2026) fares no better. It states that counsel "intended to file" an extension request on March 5 and "believed" that the motion had been filed on March 5th, but it "later became clear that the Court did not receive or docket that filing." Dkt 17-1 at 2; Dkt. 19-1 at 2. No detail is offered. And the effort to blame the Court (suggesting that perhaps the Court "did not …docket that filing") is noteworthy. Counsel is prepared to blame anyone but himself for his failure to observe whether a filing was made (or accepted). *See Kinsale Ins. Co. v. Pride of St. Lucie Lodge 1189, Inc.,* 135 F.4th 961, 976 n.4 (11th Cir. 2025) (noting that Court should not permit an untimely filing if appellants fail to establish good cause).

Appellee respectfully submits that this Court deny the Emergency Motion(s).  Appellee further respectfully requests that this Court grant Appellee's Motion for Summary Affirmance, Dkt. 14, which Appellants failed to respond to by March 16, 2026, as required under Fed. R. App. P. 27(a)(3)(A).

Dated: March 18, 2026.

Respectfully submitted,

| | |
|---|---|
| /s/ *Kenneth C. Smurzynski*<br>Kenneth C. Smurzynski<br>Mikaela E. Johnson*<br>Williams & Connolly LLP<br>680 Maine Avenue, SW<br>Washington, DC 20024<br>(202) 434-5000<br>ksmurzynski@wc.com<br>amaurer@wc.com<br><br>*Counsel for Defendant-Appellee*<br>*Google LLC*<br><br>*Admitted only in Texas; practice supervised by D.C. Bar members | Edward M. Mullins<br>Sujey S. Herrera<br>Reed Smith LLP<br>200 South Biscayne Boulevard, Suite 2600<br>Miami, Florida, 33131<br>(786) 747-0200<br>(786) 747-0299 facsimile<br>emullins@reedsmith.com<br>abarton@reedsmith.com<br><br>*Counsel for Defendant-Appellee*<br>*Google LLC* |