**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**No. 26-10369**

**GREENFLIGHT VENTURE CORPORATION AND JEFFREY D. ISAACS,
M.D.,**

Plaintiffs-Appellants,

v.

**GOOGLE LLC,**

Defendant-Appellee.

**APPELLANT JEFFREY D. ISAACS' FIRST MOTION FOR A 30-DAY
EXTENSION OF TIME TO FILE REPLY BRIEF**

(11th Cir. R. 31-2(a))

Plaintiff respectfully asks the Court to extend his reply deadline to August 21, 2026. This is the first request for additional briefing time; it is necessary to properly address Appellee's ongoing litigation conduct which jeopardizes legitimate Sherman Act antitrust advocacy.

Google chose to begin its Answering Brief not with the Sherman Act, but with: "Plaintiff Jeffrey D. Isaacs is a serial litigant." *Google Br. 2*. Next, Google told this Court that Dr. Isaacs has a "penchant for filing frivolous lawsuits" that "has resulted in a sanctions order against him." *Id*. at 31 n.7. Those are grave personal accusations against a *pro se* antitrust appellant. They are also false. No court has sanctioned Dr. Isaacs. No court has adjudicated him a serial or vexatious litigant. The order Google cited did neither.

1

Google also incorrectly suggests the purported vexatious litigation is the work of AI. The chronology makes the insinuation impossible. Dr. Isaacs and counsel began developing the iPhone–App Store tying theory in 2020, almost three years before AI legal analysis became viable. Mathews Decl. ¶ 8. Make no mistake, this case, and the preceding Apple case, is of human origin, and represents tireless human work on theories the Plaintiff developed years ago.

Six years ago, Dr. Isaacs combined the legal education he began at Vanderbilt, his training in medicine and computing, and his long experience defending against complex (annulled and expunged) medical professionalism allegations. *Ex. A* at 3–4, 8–17. He was instrumental in developing a conventional tying theory for a new technological setting: Apple's use of the iPhone to compel developers and consumers to pass through the App Store. He studied the problem for years. When counsel's audio failed during a 2021 federal hearing, Dr. Isaacs personally presented the argument to the district court. He later submitted oral argument to the Ninth Circuit on the tying theory. Mathews Decl. ¶¶ 3, 5, 7–8. Gibson Dunn later publicly celebrated getting Apple "off the hook" from what it called a "$200 billion developer class action," in connection with a Law360 Competition Group of the Year accolade. *Ex. C* at 6. Apple presently cites *Coronavirus Reporter* as supporting authority in dozens of antitrust court filings. If the work was merely vexatious AI nuisance, it was a strange victory for one of the nation's leading antitrust firms to advertise as a competition law achievement of that magnitude.

The Appellants continue to seek review because the core per se tying theory was never adjudicated. *Coronavirus Reporter Corp. v. Apple Inc*., 85 F.4th 948, 955–57 (9th Cir. 2023); *Ex. C* at 9, 33. The recent en banc matter is appropriate for Supreme Court review.

Google, accused of retaliating against this aforementioned antitrust advocacy, has used its first merits response to stigmatize that same advocate with a demonstrably false account of judicial sanctions. That action itself is consistent with the underlying retaliation claim; Google sought to discredit and harm Plaintiff in front of this very Court, with non-trivial falsities, to hinder antitrust reform. This recent conduct certainly makes Google's alleged hostility to Dr. Isaacs's petitioning harder to dismiss as "fantasy." See *Wilson Sonsini* letter. More than three years after the de-indexing, Google still considers his identity and history important enough to make them the opening frame of its defense.

Google chose an especially destructive time to publish the falsehood. Misfortune ended Dr. Isaacs' work in medicine more than a decade ago. Since then, he has been trying to rebuild a vocation from the wreckage: to complete the legal education he began at Vanderbilt and devote the next chapter of his life to antitrust law and teaching. *Ex. A* at 3–4, 13–17; Ex. B. ¶¶ 3, 11. The very docket Google invoked contains Mr. Mathews' sworn account of that purpose. Plaintiff's pending law school applications are evaluating his history and character now. The attached (*Exhibit A*) application describes his commitment to becoming a professor of

3

competition law. Google's public brief has now inserted a nonexistent federal sanction into that live process. Dr. Isaacs must address the false statement not only in this Court, but with other interested parties.

The LSAC exhibit supplies the human context that "serial litigant" erases, and presents a far different motivation than that which Google ascribes to Judge Rosenberg's summary. It describes a grueling series of administrative and judicial proceedings that Dr. Isaacs did not choose, arising from disputed medical school records and settlement agreements he understood to clear and seal them. *Ex. A* at 8–12. Those proceedings ended one career and helped form another. The Sherman Act is an area of serious study and respect for Dr. Isaacs. Google's label turns an involuntary legal history and a commitment to regulation of Big Tech upside down, for convenience.

This Court's rules recognize the line Google crossed. Eleventh Circuit Rule 25-6 specifically identifies "ad hominem or defamatory language" as impermissible filing content and authorizes corrective action. 11th Cir. R. 25-6(a)(1), (b). Google's Brief uses false premise to convert criticism of a brief into a supposed personal "penchant" for frivolity. That is the ad hominem move Rule 25-6 addresses. If left unchecked, it sets a precedent for intimidating federal witnesses. As Plaintiff could testify, such relentless conduct by the duopoly evidences their disdain and disrespect for the legal system and its historic institutional role.

Google chose its moment. Plaintiff taught himself the antitrust laws and worked tirelessly on a conviction that the promise Senator Sherman wrote into law in 1890 is still relevant to the largest companies in human history[1]. The operative complaint alleges that Google answered that advocacy by retaliating against him for pressing his claims. Google's brief is of a piece with that conduct: rather than meet his arguments, it set out to discredit the individual. It did so knowing, as the record it cites shows, that Isaacs is working to complete the legal education he began at Vanderbilt and that his character is being weighed right now by the schools he has asked to admit him. Mathews Decl. ¶¶ 3, 11 (*Ex. B*). A false federal "sanction," published to this Court follows him and risks once again subverting his chosen career path.

For the foregoing reasons, good cause exists for the Clerk of the Court to grant an extension of time.

Dated: July 20, 2026

Respectfully submitted,

/s/ Jeffrey D. Isaacs

JEFFREY D. ISAACS, M.D.
Wellington, Florida
(212) 257-0737

---

[1] Most estimates agree that the Apple-Google duopoly is an order of magnitude larger than the textbook British East India monopoly (adjusted for inflation).

## CERTIFICATE OF COMPLIANCE

This motion contains 1,067 words, excluding the parts exempted by Fed. R. App. P. 32(f), and uses 14-point Times New Roman, a proportionally spaced typeface. It complies with Fed. R. App. P. 27(d)(1)(E), 27(d)(2)(A), and 32(a)(5)–(6).

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs

## CERTIFICATE OF SERVICE

I certify that on July 20, 2026, I filed this motion through the Court's CM/ECF system, which will serve all registered counsel of record.

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs