**No. 26-10369**

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

GREENFLIGHT VENTURE CORPORATION AND JEFFREY D. ISAACS,

*Plaintiffs-Appellants,*

v.

GOOGLE LLC,

*Defendant-Appellee.*

*On appeal from the Southern District of Florida (No. 9:24-cv-80395-RLR/KMM) (The Hon. Robin L. Rosenberg/K. Michael Moore)*

---

**APPELLEE GOOGLE'S STATEMENT OF NON-OPPOSITION TO APPELLANT ISAACS'S FIRST MOTION FOR 30-DAY EXTENSION OF TIME TO FILE REPLY BRIEF AND MOTION TO STRIKE IMPROPER ARGUMENT AND EXHIBITS**

---

Kenneth C. Smurzynski
Mikaela E. Johnson
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000

Edward M. Mullins
Sujey S. Herrera
Reed Smith LLP
200 South Biscayne Boulevard, Suite 2600
Miami, Florida, 33131
(786) 747-0200

Appellee Google does not oppose Isaacs's request for an extension of time to file his reply brief to August 21, 2026.

Google opposes Isaacs's inclusion of improper and irrelevant arguments and materials in connection with the extension request and moves to strike the argument and materials Isaacs seeks to inject into the record on appeal. Isaacs was, of course, entitled to this extension as a matter of right under the procedure laid out in 11th Cir. R. 31-2(a)—the same procedure that the company he controls, Greenflight Venture Corporation, used for its own, lengthier, extension. *See* Dkt. 31. Isaacs, instead, follows the single paragraph containing his request for an extension of time with four-and-a-half pages of argument and 70 pages of exhibits in which Isaacs attempts to explain away his long, convoluted, and unsuccessful history of seeking relief from courts in cases other than the lawsuit giving rise to this appeal. None of that is relevant to the extension request and is also outside the record.

Although the Court possesses inherent authority to supplement the record with information not reviewed by the district court, that authority should be "rarely exercised." *Shahar v. Bowers*, 120 F.3d 211, 212 (11th Cir. 1997) (citation omitted). The proper way to seek to supplement the

1

record is by requesting the Court's leave. *See, e.g.*, *Dixon v. Green Tree Servicing, LLC*, 859 Fed. App'x 373, 378 (11th Cir. 2021) (per curiam). Isaacs has not done so, and his effort to shoehorn it in here should be rejected. Therefore, Google requests that the Court strike (a) the motion aside from Isaacs's requested relief of an extension; and (b) the attached exhibits.

Dated: July 22, 2026

Respectfully submitted,

   /s/  *Kenneth C. Smurzynski*              Edward M. Mullins
Kenneth C. Smurzynski                         Sujey S. Herrera
Mikaela E. Johnson*                           Reed Smith LLP
Williams & Connolly LLP                   200 South Biscayne Boulevard,
680 Maine Avenue, SW                      Suite 2600
Washington, DC 20024                    Miami, Florida, 33131
(202) 434-5000                              (786) 747-0200
ksmurzynski@wc.com                     (786) 747-0299 facsimile
amaurer@wc.com                          emullins@reedsmith.com
                                        abarton@reedsmith.com

*Counsel for Defendant-Appellee Google LLC*

*Counsel for Defendant-Appellee Google LLC*

*Admitted only in Texas; practice supervised by D.C. Bar members

2

## Certificate of Compliance

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B), this document contains 274 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Respectfully submitted,

/s/_ _Kenneth C. Smurzynski_
*Attorney for Defendant-Appellee Google LLC*

3

## Certificate of Service

I hereby certify that on July 22, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the Court's Appellate PACER system, which will automatically send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/_____*Kenneth C. Smurzynski*__
*Attorney for Defendant-Appellee Google LLC*

4