**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**
**No. 26-10369**
**GREENFLIGHT VENTURE CORPORATION AND JEFFREY D. ISAACS, M.D.,**
Plaintiffs-Appellants,
v.
**GOOGLE LLC,**
Defendant-Appellee.
On Appeal from the United States District Court for the Southern District of Florida
No. 9:24-cv-80395-RLR/KMM

**GREENFLIGHT VENTURE CORPORATION'S OPPOSITION TO APPELLEE'S MOTION TO STRIKE (DOC. 33)**

## I. INTRODUCTION

Google's motion offers no substantive legal basis for the relief it seeks. It cursorily claims that Appellant Isaacs' rebuttal evidence (Dkt. 32-2) is "irrelevant" and an improper supplementation of the record. This argument fails to meet the threshold criteria for striking under federal appellate rules. Document 32-2 is not a supplement of the antitrust merits record; it is the constitutionally protected exercise of a litigant's due process right to defend his character against new, extra-record, and demonstrably false defamatory statements introduced by Appellee in its Answering Brief.

Google asks for a one-way docket: its accusations against Dr. Jeffrey D. Isaacs stay; the documents disproving them go. The rules do not permit that result.

1

Google opened its answering brief by branding Dr. Isaacs a "serial litigant." Google Br. 2. It later told this Court that his supposed "penchant for filing frivolous lawsuits" had "resulted in a sanctions order against him." *Id.* at 31 n.7. The cited order says no such thing. No sanctions order issued against Dr. Isaacs.

Tellingly, Google's 274-word response does not defend its accusation, identify an order against Dr. Isaacs, or offer a correction. When confronted with documentary proof that it introduced a false character attack into this appeal, Google chose not to correct the record. Instead, it hid behind procedure, asking the Court to strike the answer and the proof of their false statement. Then, in the same filing, Google adds another extra-record attack on Dr. Isaacs' 'long, convoluted, and unsuccessful history.' Doc. 33 at 1.

## II. GOOGLE HAD ADVANCE NOTICE AND CHOSE TO REPEAT THE ATTACK

The sequence leading up to this week forecloses any suggestion of mistake. On March 23, 2026, months before the answering brief, Dr. Isaacs sent Google's appellate counsel a written notice objecting to Google's use of the "serial litigant" in an earlier filing in this appeal, and asked Google to correct its representations without further burdening this Court. Mathews Decl. ¶ 11 & Ex. 2. Google did not correct the label. On July 1, it placed the label in the opening sentence of its Statement of the Case and added the demonstrably wrong assertion that a sanctions order had issued "against him."

Dr. Isaacs' July 20 motion then documented why the accusation was false and why it imposed an immediate burden. His pending law school applications are evaluating him. Google's public assertion of a federal sanctions order therefore required him to verify the relevant dockets, protect the accuracy of his applications, and determine how to answer in his reply brief. Those are present scheduling facts requiring additional time. Google's response never disputes them.

### III. ARGUMENT

**A. Rule 10 defines the merits record; Rule 27 governs papers supporting an appellate motion.**

Google treats the "record on appeal" and the appellate docket as synonyms. They are not. Rule 10(a) defines the materials that comprise the record used to review the district court's judgment. Rule 27 governs motion practice in this Court. It requires a motion to state its grounds and legal argument, Fed. R. App. P. 27(a)(2)(A), and expressly directs that "[a]ny affidavit or other paper necessary to support a motion must be served and filed with the motion," Fed. R. App. P. 27(a)(2)(B)(i). Eleventh Circuit Rule 31-2(a), in turn, requires a first-extension request to "set forth good cause."

Document 32 followed that directive. The declaration, application, and related papers supplied the facts establishing the present burden and the urgency of correcting a public accusation about a pending applicant's character. Filing proper supporting documents under Rule 27 does not insert them into the Rule 10 merits

3

record. The Court can preserve that boundary without striking anything: retain the papers as support for the motion and decide the appeal from the district court record. Google's motion depends on collapsing two rules that the Federal Rules keep distinct.

That document Google wishes to extinguish proves what the extra-record allegations omit: this appeal, and the underlying litigation, derive from sustained intellectual scrutiny of digital platforms vis-à-vis the Sherman Act. The LSAC application records Dr. Isaacs' Vanderbilt training, years of antitrust study, ambition to teach the subject, and a family tradition of service to the federal judiciary. Doc. 32, Ex. A; Mathews Decl. ¶¶ 6–10. The LSAC application is the direct human answer to the false character narrative Google chose to introduce in this appeal.

## B. Shahar and Dixon addressed attempts to change the merits record; neither controls this motion.

Google's authorities confirm the distinction. In *Shahar v. Bowers*, the appellant sought, after both panel and en banc decisions, to add newspaper reports concerning a later admission and use them to change the merits result. 120 F.3d 211, 212–13 (11th Cir. 1997) (en banc). The Court stressed finality and the appellant's earlier opportunity to pursue the matter in district court discovery. *Id.* at 213–14. Here no merits decision has issued, the challenged conduct occurred on appeal, and the papers support a live Rule 27 motion.

4

*Dixon v. Green Tree Servicing, LLC* likewise concerned appendices attached to a merits reply brief (including a district court hearing transcript that the appellants had declined to order under Rule 10(b)) to show error in the judgment under review. 859 F. App'x 373, 378–79 (11th Cir. 2021). Document 32 asks this Court to manage a schedule in relation to new, extra-record allegations. It does not ask the Court to reverse the district court on facts the district court never saw. The premise of Google's motion is therefore absent.

## C. A party confronted with a new appellate accusation receives a meaningful opportunity to answer it.

The closest Eleventh Circuit authorities cut against striking the LSAC document. In *Ouachita Watch League v. Jacobs*, an appellee first raised a standing issue on appeal; the appellant answered with declarations filed with its reply brief. 463 F.3d 1163, 1172–73 (11th Cir. 2006). This Court denied the motion to strike and allowed the declarations in the interests of justice and judicial economy. *Id.* The Court thus rejected the rigid rule Google proposes here. Google's first-raised contentions about sanctions permit a response, quite simply.

*Carrizosa v. Chiquita Brands International, Inc.* applies the same basic fairness principle. When an opponent first raised an evidentiary objection in a reply, a declaration filed at the first opportunity to answer was timely; excluding it denied the responding party a "meaningful opportunity to respond." 47 F.4th 1278, 1299–1300 (11th Cir. 2022). Google first put Dr. Isaacs' character and the alleged

5

order "against him" into this appeal. It cannot make that accusation procedurally unanswerable.

To the extent Google disputes the authenticity, Counsel reviewed the unredacted application and the public redacted copy; Exhibit 1 is what it purports to be. Fed. R. Evid. 901(a), (b)(1); Mathews Decl. ¶¶ 6–7.

*Ouachita* does not depend upon the type of document filed. Its declarations accompanied a reply brief, but their status was resolved through motions. Even if Google's motion was not an improper vehicle to clear evidence of ongoing abuse of Dr. Isaacs, *Ouachita* confirms that the Court may deny the motion to strike and retain the responsive materials in the interests of justice. 463 F.3d at 1172–73..

**D. Rule 10 does not compel the erasure of relevant rebuttal evidence or the concealment of appellate misconduct.**

Google's motion rests on a false dichotomy: it assumes that if a document does not belong to the Rule 10 merits record, it must be erased from the appellate docket entirely. Rule 27 already defeats that premise by expressly authorizing supporting exhibits for procedural motions.

The LSAC evidence (Doc. 32-2) is strictly relevant because Google chose to publish a fabricated federal sanctions claim on a public docket. Until this Court takes appropriate corrective action regarding Google's Answering Brief, whether through sealing the defamatory claims or ordering a corrected filing under 11th

6

Cir. R. 25-6, the LSAC evidence is critical to maintaining a factually accurate public record.

Furthermore, erasing this sequence of filings from the docket would actively interfere with potential future enforcement efforts. The Department of Justice's "Comply with Care" task force (see, *infra*) and appropriate bar disciplinary committees exist to address this exact form of process and Duty of Candor violations. Therefore, in the interest of justice, the Court is asked to preserve the evidentiary record of Google's conduct (i.e. the Answering Brief and Isaacs' motion) so that appropriate review may occur, if the Plaintiffs request at a later time.

**E. The Department of Justice has already identified the institutional danger of Google's process gamesmanship.**

In August 2025, the Department of Justice's Antitrust Division announced a "Comply with Care" task force after recounting Google's own misconduct: three federal courts had found systematic conduct causing the destruction of relevant evidence; Google's "Communicate with Care" program had been used to abuse privilege; and tens of thousands of documents had been improperly withheld. Assistant Attorney General Gail Slater warned that parties and counsel who "delay, obstruct, or play games" lose credibility. Gail Slater, then-Assistant Att'y Gen., *Remarks to the Ohio State University Law School* (Aug. 29, 2025), U.S. Dep't of Justice.

The same problem appears here. Google put an unsupported, extra-record character accusation into a public appellate brief. When confronted with the cited order and a sworn declaration, it did not defend or correct the accusation. It demanded that procedure erase the documented answer while adding still more extra-record invective of its own. That is another instance of the process gamesmanship "Comply with Care" exists to confront.

Undersigned counsel has described the sequence under oath as deny, attack, and reverse victim and offender—DARVO. Doc. 32, Ex. B; Mathews Decl. ¶ 13.

## IV. CONCLUSION

Greenflight respectfully requests that the Court deny Appellee's motion to strike (Doc. 33) and retain Document 32 and its exhibits as papers supporting an appellate motion under Rule 27.

Dated: July 23, 2026

Respectfully submitted,

/s/ Keith A. Mathews
KEITH A. MATHEWS
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03101
(603) 622-8100
keith@awplegal.com
Counsel for Plaintiff-Appellant
Greenflight Venture Corporation

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1628 words, excluding the parts exempted by Rule 32(f). It complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)–(6) because it is set in 14-point Times New Roman, a proportionally spaced serif typeface.

/s/ Keith A. Mathews
Keith A. Mathews

## CERTIFICATE OF SERVICE

I certify that on July 23, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will serve all counsel of record registered for electronic filing.

/s/ Keith A. Mathews
Keith A. Mathews

9