**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**
**No. 26-10369**
**GREENFLIGHT VENTURE CORPORATION AND JEFFREY D. ISAACS, M.D.,**
Plaintiffs-Appellants,
v.
**GOOGLE LLC,**
Defendant-Appellee.
On Appeal from the United States District Court for the Southern District of Florida
No. 9:24-cv-80395-RLR/KMM

# APPELLANT JEFFREY D. ISAACS' RESPONSE TO MOTION TO STRIKE

## I. GOOGLE'S FALSE ACCUSATION CREATED THIS MATTER

Google's Answering Brief told this Court that Plaintiff is a "serial litigant" whose supposed "penchant for filing frivolous lawsuits" "resulted in a sanctions order against him." *Google Br.* 2, 31 n.7. Both assertions are false. Google's present motion identifies no order against him, defends neither assertion, and corrects nothing. Instead, it asks the Court to strike a fair rebuttal.

Google then repeats the disparagement in the motion to strike, apparently improperly remarking Plaintiff's law school application "explains away" a "long, convoluted, and unsuccessful" history. Doc. 33 at 1. That phrase cannot describe a reasonable law school application or other exhibits including Mr. Mathews' sworn declaration. It is another ad hominem label. Eleventh Circuit Rule 25-6 expressly identifies "ad hominem or defamatory language" and authorizes corrective action. 11th Cir. R. 25-6(a)(1), (b). Google

cannot preserve its accusations and erase Plaintiff's defense to this conduct that no federal court witness should be subjected to.

Plaintiff joins Greenflight's opposition and relies on its Rules 10 and 27 analysis. Doc. 34 at 3–6.

## II. PLAINTIFF HAD EVERY RIGHT TO DEFEND THE ALLEGATIONS

Google's relevance argument defeats itself. If Plaintiff's Apple litigation, motives, and character are relevant, as Google purported when it placed them in its Answering Brief, then the evidence correcting Google is relevant. If they are irrelevant, Google had no basis to introduce them. The rules provide no third option in which Google's accusation remains and the proof disproving it disappears.

The Court may retain Document 32 as support for the Rule 27 motion and decide the merits appeal from the Rule 10 record.

## III. GOOGLE REVERSED ITS FEDERAL COURT POSITION

Google's Answering Brief materially reverses the position it took in prior federal litigation. In March 2024, Google told the Southern District of Florida that, because it was "not substantively involved in the Apple litigation, Google takes no position on the merits of his claims against Apple in that matter." Non-Party Google LLC's Reply in Support of Motion to Quash, *Isaacs v. Keller Williams Realty, Inc.*, No. 9:23-cv-81393-RLR, Dkt. 99 at 4 n.3 (S.D. Fla. Mar. 4, 2024).

Google now asks this Court to treat those proceedings as proof that Dr. Isaacs is a serial litigant with a personal disposition toward frivolity and a federal sanction against him. *Google Br*. 2, 31 n.7; Doc. 33 at 1.

Google's express refusal to take a position on the *Coronavirus Reporter* case turned into a materially opposite assertion that it was one of countless frivolous suits. This contradiction is so stark that Google is arguably judicially estopped from now invoking those prior proceedings as negative character evidence. If estopped, the Answering Brief becomes even hollower with respect to substantive Sherman Act of 1890 defense.

Google's questionable conduct is at the center of both the SAC and the Antitrust Division's Comply with Care warning: using court machinery to obstruct and discredit antitrust enforcement. It has no place in this Court. Google asks this Court to shield an accusation the appellee itself will not defend, while striking the evidence that disproves it. The Court should not condone that use of procedure.

Google's caricature ignores Greenflight's sustained leadership in federal technology law. When Whitepages sought to invalidate its caller-ID patent, Greenflight defended the technology through a Federal Circuit appeal selected for a visiting teaching session at Columbia Law School, then continued the work until the USPTO issued two reissued patents. *Whitepages, Inc. v. Greenflight Venture Corp.*, 698 F. App'x 613, 614 (Fed. Cir. 2017); U.S. Patent Nos. RE48,847 E and

RE50,530 E. When *Atlas Data* named Greenflight alongside nearly 200 technology and data companies, including Oracle and Zillow, Greenflight addressed the matter professionally and reached an amicable, productive settlement while the broader litigation continued. *Atlas Data Privacy Corp. v. Greenflight Venture Corp.*, No. 1:25-cv-01517-HB (D.N.J.); No. 25-1677 (3d Cir.).

Google's 'frivolity' narrative is also fundamentally discredited by the D.C. Circuit. Just last week, the D.C. Circuit published an opinion expressly preserving the right to refile in *PhantomALERT v. Apple*, a case Apple itself previously characterized as a "near-facsimile" of Plaintiffs' pioneering *Coronavirus Reporter* litigation. The federal judiciary does not issue published opinions to protect the future viability of trivial or vexatious claims, confirming that Plaintiffs initiated a serious, evolving frontier of platform antitrust law. *PhantomALERT Inc. v. Apple Inc.*, No. 25-7017, slip op. at 13, 17–21 (D.C. Cir. July 24, 2026).

Together, these matters demonstrate respect for, if not leadership, within federal law at the frontier of technology, not a personal "penchant" for frivolity.

## IV. GOOGLE'S PRESENT CONDUCT CONFIRMS WHY MOTIVE CANNOT BE RESOLVED AGAINST ISAACS

The SAC alleged that Google terminated OkCaller on the day Dr. Isaacs submitted a closing brief in the Apple litigation and acted after learning of his petitioning. SAC ¶¶ 38–43 (Dkt. 61).

This Court need not speculate whether Google is willing to use Dr. Isaacs' antitrust petitioning to discredit him. Google is plainly doing so in its Answering Brief. It took litigation on which it had disclaimed a merits position, made it the opening reason to distrust him, added a false sanction, and then sought to delete his response. That appellate conduct is directly consistent with the hostility alleged in the SAC. It also forecloses any use of Google's personal narrative as a factual basis to affirm dismissal.

## V. CONCLUSION

Dr. Isaacs respectfully requests that the Court deny Google's motion to strike (Doc. 33).

Dated: August 3, 2026

Respectfully submitted,

/s/ Jeffrey D. Isaacs
JEFFREY D. ISAACS, M.D.
Wellington, Florida
(212) 257-0737
jeffreydi@gmail.com
Plaintiff-Appellant, pro se

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 901 words, excluding the parts exempted by Rule 32(f). It complies with the typeface and type-style

requirements of Rules 27(d)(1)(E) and 32(a)(5)–(6) because it is set in 14-point Times New Roman, a proportionally spaced serif typeface.

/s/ Jeffrey D. Isaacs

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will serve all counsel of record registered for electronic filing.

/s/ Jeffrey D. Isaacs